# United States Court of Appeals
# for the Fifth Circuit

————————

No. 23-10109
Summary Calendar

————————

United States Court of Appeals
Fifth Circuit

**FILED**

February 20, 2024

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

EDWARD JAMES SHINALL,

*Defendant—Appellant*.

——————————————————————

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:22-CR-274-7

——————————————————————

Before WIENER, STEWART, and DOUGLAS, *Circuit Judges*.

PER CURIAM:[*]

Edward James Shinall appeals his conviction of possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1). He contends for the first time on appeal that § 922(g)(1) violates the Second Amendment in light of *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 597 U.S. 1, 17 (2022). Shinall concedes that this court's review is for plain error. To demonstrate

———————————————

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

plain error, he must show a clear or obvious error that affected his substantial rights. *See Puckett v. United States*, 556 U.S. 129, 135 (2009).

The Government has filed an unopposed motion for summary affirmance or, in the alternative, for an extension of time to file its brief. As the Government contends, Shinall's argument that the district court plainly erred because § 922(g)(1) is unconstitutional is foreclosed by *United States v. Jones*, 88 F.4th 571, 574 (5th Cir. 2023). In *Jones*, we decided that any error was not clear or obvious because there was no binding precedent that held that § 922(g)(1) was unconstitutional, and it was unclear that *Bruen* dictated such a result. *Id.*

Where "there can be no substantial question as to the outcome of the case," summary disposition is appropriate. *Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969). Accordingly, the motion for summary affirmance is GRANTED, the alternative motion for an extension of time is DENIED AS MOOT, and the district court's judgment is AFFIRMED.